IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **JESSICA HURT,** individually and on behalf of similarly situated persons,<br><br>        Plaintiff,<br><br>   v.<br><br>**RT PIZZA, INC. d/b/a DOMINO'S PIZZA and RICKY TEEL,**<br><br>        Defendants. | Case No. 7:20-cv-57 (WLS)<br><br>Jury Demanded |

### JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Jessica Hurt ("Plaintiff"), individually and on behalf of similarly situated persons, and Defendants, RT Pizza, Inc. d/b/a Domino's Pizza and Ricky Teel ("Defendants") jointly move for final approval of the parties' Settlement Agreement (attached as Exhibit "A") in the above captioned matter and dismiss this case with prejudice. In support of this Joint Motion, the parties file the following memorandum of law.

### I.    Introduction

Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C.§§201, *et seq.* ("FLSA") by failing to pay her and other delivery driver sufficient expense reimbursements for the use of their vehicles in delivering pizzas and other items on Defendants' behalf. Plaintiff claims that her and all delivery drivers who

worked for Defendants during the Class Period, as that term is defined in the Settlement Agreement, were thus not paid all appropriate minimum wages as a result of the alleged under reimbursement which cut into the minimum wages paid to them. Defendants, in turn, maintain that they properly paid all delivery drivers, including Plaintiff, sufficient expense reimbursement such that the alleged minimum wage violations did not occur. As a result, Defendants maintain that they have not violated the FLSA and are not liable in any manner to Plaintiff or to the putative class.

The parties engaged in months of discussions, including exchanging detailed information of the collective deliveries, miles driven, and reimbursement paid, legal research and other requested information. The parties then engaged in mediation before an experienced mediator, Allen Blair, Esq., who has served as mediator in numerous other similar delivery driver class and collective actions. While the Parties did not settle that day at mediation, the matter did resolve within about a week following the mediation under the auspices of the mediator.

On February 4, 2021, the Parties filed a Motion for Settlement Approval seeking Court approval of the settlement terms agreed to at mediation. (*See* Dkt. No. 28.). On February 12, 2021, the Court denied without prejudice the Parties Motion for Settlement Approval because the Parties' proposed settlement included a confidentiality provision and sought to recoup Collective Counsel's attorneys' fees from a common settlement fund. (*See* Dkt. No. 30.). On April 12, 2021, in the absence of a Court-approved settlement, the Parties proceeded to litigation and filed a Joint Motion to Conditionally

Certify a Collective Action, which the Court approved on April 14, 2021. (*See* Dkt. Nos. 33 – 34.) Between June 3, 2021, and June 16, 2021, Opt-In Plaintiffs Mark Benson, Tracie Brocka, Dolores Meza, Alicia Boone, Dalton Bailey, Angela Byram, Jessica Morgan, Joshua Ray, Anthony Urrabazo, and Tavarus Locklear filed valid and timely Consent to Join Forms with the Court. (*See* Dkt. Nos. 35 – 40.). The Parties thereafter exchanged documents and information pertaining to the individual Opt-In Plaintiffs' mileage and reimbursement data for purposes of renewed settlement negotiations. On September 13, 2021, after several weeks of negotiations, the Parties were able to resolve the Plaintiff and Opt-in Plaintiffs' claims based on being reimbursed at a rate of $0.48 cents per mile instead of what they were paid previously by Defendants. This results in Plaintiff and Opt-in Plaintiffs being paid $15,459.00 in reimbursement by Defendants. Subsequently, the Parties negotiated attorneys' fees and costs to be paid to Plaintiff's Counsel. On October 14, 2021, the Parties reached an agreement to resolve the attorneys' fees and costs for $37,500.

All of the parties believe that the terms of the proposed settlement, which are summarized below, are fair, reasonable, and should be approved. The settlement grants relief for the Plaintiff and Opt-in Plaintiffs, provides an appropriately limited release in favor of the Defendants, and the total settlement amount is properly discounted to account for the Plaintiff's probability of success and Defendants' alleged defenses.

In this memorandum, the parties summarize the significant terms of their agreement and apply these principles to show why this settlement is fair and reasonable, and should be approved.

## II.   Summary of the Settlement Agreement

Under the terms of the Settlement, Defendant shall pay paid $15,459.00 in additional reimbursement to Plaintiff and Opt-in Plaintiffs (which equates to a reimbursement rate of $0.48 cents per mile), and $37,500 in attorneys' fees and costs separately to Plaintiff's Counsel.

The payments to the Plaintiff and Opt-in Plaintiffs will be distributed based on the miles each actually drove and the reimbursements each were previously paid. Using a $0.48 per mile reimbursement rate and multiplying that figure by the miles driven and then subtracting out the reimbursements previously paid to each person, Plaintiff and the Opt-in Plaintiffs will be paid the following amounts:

- Jessica Hurt: $623.66;
- Mark Brenson: $684.31;
- Tracie Brocka: $175.70;
- Dolores Meza: $620.11;
- Alicia Boone: $13.31;
- Dalton Bailey: $4,349.90;
- Angela Byram: $462.23;
- Jessica Morgan: $23.65;

- Joshua Ray: $281.33;

- Anthony Urrabazo: $6,698.29; and

- Tavarus Locklear: $1,526.51;

### III.     Agreement Is Fair and Reasonable

The Court should approve the Settlement Agreement because it is fair and reasonable. The settlement was negotiated at arm's-length by experienced counsel; the amount Defendants have agreed to pay is fair and adequate; there is a risk to Plaintiffs of an adverse judgment on the merits or whether the case should proceed as a collective action; and the amount of fees and costs were separately negotiated after the Parties resolved the Plaintiff and Opt-in Plaintiffs' claims.

A.     Procedural considerations

FLSA collective action settlement agreements require judicial approval. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Because the settlement of a FLSA claim has no binding effect on absent class members—it only binds the potential class members who affirmatively opt-in—approval of the Settlement Agreement is governed by FLSA procedures, not the procedure prescribed for class actions. *See Calderone v. Scott*, 838 F.3d 1101, 1102 (11th Cir. 2016) ("The FLSA's § 216(b) requires plaintiffs to 'opt in' to be considered class members. In contrast, a Rule 23(b)(3) class action requires plaintiffs to 'opt out' if they do not wish to be bound by the court's judgment.")

B.     Considerations for approval

In reviewing a settlement of a private FLSA claim, the court must scrutinize the proposed settlement for fairness and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores,* 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Hamilton v. Frito-Lay, Inc.*, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), report and recommendation adopted, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). As the parties explain in more detail below, this Settlement Agreement is fair and reasonable, and should be approved.

    C.    <u>Settlement is the product of arm's length negotiations and a bona fide dispute</u>

The settlement in this case was reached after counsel for the parties had engaged in weeks of negotiations and after exchanging significant data and discussions. It is the opinion of counsel for both parties that the settlement is fair, adequate, and reasonable. As courts have repeatedly held, the Court should defer to the judgment of counsel

unless there is evidence of collusion. *See Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-CV-79-ORL-37TBS, 2014 WL 4385593, at *3 (M.D. Fla. Sept. 4, 2014) ("Short of a trial, the Court is not in as good a position as the parties to determine the reasonableness of the settlement.").

Here, the bona fide disputes in this matter include the following:

- whether Defendants paid an appropriate reimbursement rate for the deliveries made by Settlement Collective Members;

- if Plaintiff proves the reimbursement was insufficient, what is the appropriate reimbursement rate that should have been paid;

- whether class certification was appropriate or warranted if contested in an adversarial setting including a motion for decertification;

- whether a third year of damages was available under the FLSA for a "willful" violation;[1] and

- whether liquidated damages are appropriate under the FLSA.

D. <u>Amount to the class is fair</u>

Not only is the settlement the product of an adversarial, non-collusive process, but the amount to be paid to the class is fair and reasonable. The settlement here will pay Plaintiff and Opt-in Plaintiffs approximately 52% <u>more</u> than what they already

---

[1] Here, the Parties did not discount the third year of potential damages even though Plaintiff faces an additional hurdle to prove a third year applies.

7

received as a reimbursement. This is significant relief which puts additional reimbursement money into each person's pockets.

As explained above, the individual amounts were determined using data unique to each Plaintiff and Opt-in Plaintiff by multiplying the miles they individually drove by $0.48 and then subtracting out what reimbursements were paid them.

E.    Probability of success and of decertification

In considering settlements, courts should weigh the probability of success, the likelihood of delay in obtaining recoveries, and the risk inherent in any litigation. *See*, *e.g.*, *Gevaerts v. TD Bank*, 2015 WL 6751061, at *7 (S.D. Fla. Nov. 5, 2015). These factors weigh strongly in favor of approval here.

The claim raised by the Plaintiff—that Defendants under-reimbursed its delivery drivers—involves convincing a court and/or jury that Defendants had a legal obligation to reimburse its drivers at the IRS rate, or alternatively, that the reimbursement rate paid to the class of delivery drivers was not reasonable. Plaintiff and her Counsel recognize the litigation risk in proving their case. Even if Plaintiff was to prevail on the merits, there is a possibility that variations among individual delivery drivers would prevent the case from proceeding as a collective action.

Here, this matter is further complicated by the fact that on August 31, 2020, the United States Department of Labor issued an opinion letter which states that the IRS rate is <u>optional</u> and not required, contrary to other federal court decisions which supported      Plaintiff's      claims.      *See*      DOL      Opinion      Letter      at

8

https://www.dol.gov/sites/dolgov/files/WHD/opinion-letters/FLSA/2020_08_31_12_FLSA.pdf. Certainly, while confident in her position, Plaintiff recognizes based on this authority she may not have ultimately succeeded on the merits of her claims. However, the settlement of this matter pays Plaintiff and the Opt-in Plaintiffs a rate per mile which is much closer to the claimed IRS rate than the rate which Defendants previously paid.

Finally, the strong likelihood that any recovery would take years also weighs in favor of approval. Indeed, public policy favors settlement, especially in complex cases such as this, where substantial resources can be conserved by avoiding time, cost, and protracted litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("…we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation"). Plaintiff's and the Opt-in Plaintiffs' claims are not likely to be decided until after extensive discovery, dispositive motions and perhaps a trial. Even if they prevail, there would likely be an appeal. Absent settlement, Plaintiff and Opt-in Plaintiffs are not likely to see any recovery for years. That fact alone weighs strongly in favor of approval.

F. <u>Attorneys' Fees and Costs</u>

As explained above, subsequent to resolving Plaintiff and Opt-in Plaintiffs' reimbursement claims, the parties negotiated the amount of Plaintiff's counsel's attorneys' fees and costs separately, so as to not affect Plaintiff, and Opt-In Plaintiffs', recovery. *See Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla.

2009) (" . . . the best way to ensure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.").

Here, the Parties agreed to pay Plaintiff's Counsel $37,500 in attorneys' fees and costs to resolve the fee claim.  This matter is approximately 1.5 years old, and involved a full-day class mediation initially, conditional certification and administration of the class, subsequent negotiations and review of individual driver mileage data and reimbursement data, and preparation of appropriate settlement documents and the motion for approval.  The fee requested here is reasonable and was negotiated separately so as not to influence the amount paid to Plaintiff and the Opt-in Plaintiffs.

## IV.    Conclusion

For the reasons above, the Parties jointly and respectfully request that this Court approve the settlement between the Parties as it is a fair and reasonable resolution of this FLSA matter, and dismiss the instant action with prejudice.

Dated this 5th day of November, 2021.

| | |
|---|---|
| */s/ C. Ryan Morgan* <br> C. RYAN MORGAN, ESQ. <br> Georgia Bar No.: 711884 <br> Morgan & Morgan, P.A. <br> 20 North Orange Avenue –Suite 1500 <br> Orlando, Florida 32801 <br> Telephone: (407) 418-2069 <br> Facsimile: (407) 245-3401 <br> E-mail: rmorgan@forthepeople.com <br><br> *Counsel for Plaintiff(s)* | */s/Matthew R. Simpson* <br> Matthew R. Simpson <br> Georgia Bar No. 540260 <br> msimpson@fisherphillips.com <br> JonVieve D. Hill <br> Georgia Bar No. <br> jhill@fisherphillips.com <br> FISHER & PHILLIPS LLP <br> 1075 Peachtree Street NE, Suite 3500 <br> Atlanta, GA 30309 <br> Telephone: (404) 231-1400 <br> Facsimile: (404) 240-4249 <br><br> *Counsel for Defendants* |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | |
|---|---|
| **JESSICA HURT,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**RT PIZZA, INC. d/b/a DOMINO'S PIZZA and RICKY TEEL,**<br><br>Defendants. | **Case No. 7:20-cv-57 (WLS)**<br><br>**Jury Demanded** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5, 2021 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.