IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JESSICA HURT, *individually and on behalf Of similarly situated persons,*<br>  Plaintiffs,<br><br>v.<br><br>RT PIZZA INC. and RICKY TEEL,<br><br>  Defendants. | :<br>:<br>:<br>:<br>:  CASE NO.: 7:20-cv-57 (WLS)<br>:<br>:<br>:<br>:<br>: |

**ORDER**

  Before the Court in this action under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201, *et seq.*, is the Parties' Joint Motion for Final Approval of Settlement and Incorporated Memorandum of Law as well as the attached Settlement & Release Agreement, both of which were filed November 5, 2021. (Docs. 51; 51-1.) Therein, the Parties request that this Court approve the settlement agreement collectively reached by the Parties, which results in the Plaintiff and Opt-in Plaintiffs being paid $15,459.00 in reimbursement by Defendant and the Defendant paying Plaintiff's Counsel $37,500 in attorneys' fees and costs to resolve the fee claim. (Doc. 51 at 3 & 10.) While ordinarily, a court need not approve a settlement agreement, in FLSA cases where the Parties agreement is not reached under the supervision of the Secretary of Labor, the Court is required to scrutinize the Parties' settlement agreement for fairness before entering a stipulated judgment on that agreement. *See* 29 U.S.C. §216(b)-(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010) (citations omitted). This is because the FLSA was intended to protect employees from substandard wages and oppressive working hours and to prohibit the contracting away of their rights. *Id.*, at 1352 (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981)). This Court upon careful review of the Parties' proposed Joint Motion for Final Approval of Settlement and Incorporated Memorandum of Law finds that the proposed Settlement Agreement complies with the requirements of the FLSA. Therefore, the Parties' joint motion (Doc. 51) is **GRANTED**.

**PROCEDURAL BACKGROUND**

Plaintiff, a pizza delivery driver for defendants, brought this collective action on March 30, 2020, alleging that Defendants violated the FLSA by failing to pay their drivers sufficient expense reimbursements for using their personal vehicles to deliver pizzas. (Docs. 1; 28.) Plaintiff claimed that the drivers were not paid an appropriate minimum wage as a result. Defendants denied that any minimum wage violation occurred and maintained that they properly paid all drivers sufficient reimbursements. (Docs. 14; 28.)

On November 12, 2020, the Parties filed a Joint Notice of Settlement, indicating that the case had been settled. (Doc. 20.) On December 14, 2020, Defendants filed an Unopposed Motion for Approval to File Under Seal Motion for Preliminary Approval of Settlement Agreement. (Doc. 22.) The Court denied the motion for reasons explained in an Order entered January 15, 2021. (Doc. 25.)

The Parties then submitted a proposed Settlement and Release Agreement, unsealed, and asked the Court to approve it on February 4, 2021. (Doc. 28; 28-1. This Court denied without prejudice the Parties' Joint Motion for Approval of Settlement Agreement and Conditional Certification of an FLSA Collective Action for Settlement Purposes, and Plaintiffs' Request for Attorney's Fees on February 12, 2021. (Doc. 30.)

The Court denied the February 4, 2021 proposed settlement agreement for two reasons. First, the proposed settlement included a confidentiality provision which other courts in this Circuit have found "both contravene[e] the legislative purpose of the FLSA and undermin[e] the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010). Accordingly, it was the opinion of the Court that the confidentiality provision should be stricken. (Doc. 30 at 3.)

Second, the Court lacked sufficient information to approve the award of attorney's fees, costs, and expenses from the common settlement fund which the settlement agreement proposed. (*Id.*) The Court noted that the while the United States Court of Appeals for the Eleventh Circuit had not yet condemned the use of contingent fees in FLSA cases, it has expressed "considerable doubt as to [its] validity." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

2

## **DISCUSSION**

Before approving a FLSA settlement, the court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354-55 (11th Cir. 1982).[1] Judicial review is required because FLSA was meant to protect employees from substandard wages and oppressive working hours and to prohibit the contracting away of their rights. *Id.* at 1352 (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "District courts [] are accorded discretion in deciding whether to approve settlement agreements." *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013).

The Court notes for the purposes of the record that the Parties have cured both of the potential defects that the precluded the Court approving the February 4, 2021 proposed settlement agreement. First, the Parties have stricken the confidentiality provision in the joint motion (Doc. 51) presently before the Court. Second, the Parties negotiated the amount of Plaintiff's Counsel's attorneys' fees and costs separately, so as to not affect Plaintiff, and Opt-In Plaintiff's recovery. (Doc. 51 at 9.)

In determining whether a compromise of alleged FLSA violations is fair, a court should consider whether the employee was advised by counsel, whether the negotiations were fair and at arm's length, and whether the agreement appears to be a reasonable compromise and fair to the employee.[2] *See Lynn's Food Stores*, 679 F.2d at 1354. Generally, when considering a proposed settlement, there is a strong presumption in favor of approving the settlement

---

[1] *See also* 29 U.S.C. § 216(b)-(c).

[2] Some courts also consider the factors used in approving the settlement of class actions: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Helms v. Cent. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *3-4 (M.D. Fla. Dec. 21, 2006) (quoting *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)). Consideration of these factors also indicates that the amended settlement agreement here is reasonable.

because it represents the parties' own compromise based on the judgment of counsel. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

The court in approving the Settlement and Release Agreement (Doc. 51-1) notes that the Parties agree that there are still several bona fide disputes in this matter. (Doc. 51 at 7.) Accordingly, there is a presumption in favor of approving the settlement and release agreement because the agreement represents the Parties own compromise based on the judgment of counsel. The Court also notes that both Parties were represented by counsel throughout this action and state that their agreement includes payments of approximately 52% more than what they already received as a reimbursement to Plaintiff and Opt-in Plaintiffs.[4] (*Id.* at 7-8.) Therefore, this Court finds the settlement and release agreement to be fair to the Plaintiffs.

The Court also notes that to encourage private enforcement of statutory rights under the FLSA, the FLSA provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x. 349, 351 (11th Cir. 2009) (per curiam) ("The district court ha[s] a duty to review the compromise of [plaintiff's] FLSA claim and to award a reasonable attorney's fee to [plaintiff's] counsel."). District courts should especially scrutinize the reasonableness where the Parties have simultaneously negotiated the attorney's fees with the damages award. *Grimes v. Se. Rests. Corp.*, No. 1:12-CV-150 (WLS), 2013 U.S. Dist. LEXIS 123344, at *8-9 (M.D. Ga. Aug. 29, 2013) (citing cases). Here, however, Plaintiff's

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding all Fifth Circuit precedent prior to October 1, 1981).

[4] The parties agree that the Plaintiff and Opt-in Plaintiffs shall be reimbursed as follows: (1) Jessica Hurt: $623.66; (2) Mark Brenson: $684.31; (3) Tracie Brocka: $175,70; (4) Dolores Meza: $620.11; (5) Alicia Boone: $13.31; (6) Dalton Bailey: $4,349.90; (7) Angela Byram: $462.23; (8) Jessica Morgan: $23.65; (9) Joshua Ray: $281.33; (10) Anthony Urrabazo: $6,698.29; and (11)Tavarus Locklear: $1,526.51

4

Counsel's attorneys' fees and costs were also negotiated separately, so as to not affect Plaintiff, and Opt-In Plaintiff's recovery. (Doc. 51 at 9.)

While Plaintiff's Counsel has not supplemented the record with a declaration showing the attorneys and paralegals who worked on this matter incurred $37,500 in fees and expenses, the Court finds that this amount is reasonable considering that this matter is approximately 1.5 years old, and involved a full-day class mediation, conditional certification and administration of the class, subsequent negotiations and review of each individual driver's mileage data and reimbursement data. Substantial discovery has also occurred. Accordingly, the Court finds that Counsel shall be compensated adequately under the Settlement and Release Agreement (Doc. 51-1) and that there is no conflict of interest that would otherwise taint the agreement.

## **CONCLUSION**

In conclusion, this Court finds that the Parties November 5, 2021 proposed Settlement and Release Agreement (Doc. 51-1) complies with the requirements of the FLSA and **APPROVES** the Settlement and Release Agreement between the Parties. Accordingly, the Parties' Motion for Final Approval of Settlement is hereby **GRANTED** consistent with this Order. This action is hereby **DISMISSED WITH PREJUDICE**. The Court will retain jurisdiction solely for the purpose of enforcing the terms of the amended Settlement Agreement and Release

**SO ORDERED**, this __18th__ day of November, 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**